# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 19 CR 107 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| JOSUEE ARTEAGA-DIAZ, ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Josuee Arteaga-Diaz ("Arteaga-Diaz") was indicted on February 6, 2019 for allegedly reentering the United States after having been deported and removed, in violation of 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4). Defendant moves to dismiss the indictment, arguing the immigration judge who ordered his removal in January 2009 lacked jurisdiction to issue the underlying removal order.[1] For the reasons set forth below, the Court denies the motion to dismiss [20].

**I.    BACKGROUND**

Defendant is a citizen of Mexico. On November 21, 2008, the Department of Homeland Security served defendant with a warrant for his arrest. Also on November 21, 2008, the Department of Homeland Security served defendant with a Notice to Appear for removal hearings ("the Notice"). The Notice ordered defendant to appear for a hearing before an immigration judge at 101 W. Congress in Chicago on a "date to be set" and at "a time to be set." [Docket 21 at 15].

On the same day that the Department of Homeland Security served defendant with the Notice to Appear, defendant signed a "Stipulated Request for Issuance of Final Order of Removal, Waiver or Appearance and Hearing," (the "Waiver"). [Docket 21 at 18]. In the

---

[1] Defendant has not filed a reply brief, which is optional and which was due July 15, 2019.

waiver, defendant "voluntarily, knowingly and intelligently enter[ed] into the following stipulations pursuant to 8 C.F.R. § 3.25(b):

> \* \* \*
> 2.  I acknowledge service of the Notice to Appear dated 11/21/2008 . . .
> \* \* \*
> 5.  I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9 . . .
> \* \* \*
> 8.  I concede that I am subject to removal . . .
> \* \* \*
> 10. I waive any right to make application for any relief from removal . . .
> \* \* \*
> 12. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.
> \* \* \*
> 17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

[Docket 21 at 18-20]. Based on the Waiver, the immigration judge ordered defendant removed. Specifically, on January 7, 2009, the immigration judge stated:

> Pursuant to the Notice to Appear issued on 11/21/2008, Arteaga-Diaz, Josuee the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear.
> \* \* \*
> IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Mexico on the charges contained in the Notice to Appear.

[Docket 21 at 22]. Defendant did not appeal.

## II. DISCUSSION

Pursuant to 8 U.S.C. § 1326(a), it is a crime for "any alien who–(1) has been . . . deported, or removed" from the United States to thereafter "enter[], attempt[] to enter, or [to be] at any time found in, the United States . . ." 8 U.S.C. § 1326(a). Defendant argues that the January 7, 2009 order of removal cannot serve as a basis for the indictment in this case, because

2

the immigration judge who entered the order never had jurisdiction in the case. In support of his assertion that the immigration judge had no jurisdiction, defendant argues that his Notice to Appear did not list a date and time, such that the immigration court's jurisdiction never vested.

Defendant's motion is a collateral attack on the underlying removal order. The statute under which defendant is charged limits collateral attacks. It provides:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d)(1)-(3). Defendant has the burden, *United States v. Arita-Campos*, 607 F.3d 487, 490 (7th Cir. 2010), and defendant must establish all three. *United States v. Larios-Buentello*, 807 F.3d 176, 177 (7th Cir. 2015); *see also United States v. Gil-Lopez*, 825 F.3d 819, 822 (7th Cir. 2016); *United States v. Baptist*, 759 F.3d 690, 698 (7th Cir 2014) ("Since [defendant] failed to establish that his removal proceedings were fundamentally unfair, we need not reach 8 U.S.C. § 1326(d)'s other requirements—exhaustion of administrative remedies and the opportunity for judicial review.").

A. **Fundamental fairness**

Defendant first argues that his removal proceedings were fundamentally unfair. To show fundamental unfairness, a defendant must demonstrate both a violation of due process and prejudice. *United States v. Santiago-Ochoa*, 447 F.3d 1015, 1019 (7th Cir. 2006). Prejudice, in

this context, means that judicial review would have granted him relief from deportation. *Arita-Campos*, 607 F.3d at 493.

Defendant argues that he was denied due process because the original Notice to Appear lacked a time and date. Specifically, defendant argues the Department of Homeland Security served "notice of factual allegations supporting a valid charge of removability, but did not designate the date and time for the initial hearing for these proceedings." [Docket 20 at 5]. The Court disagrees, and the Seventh Circuit has already rejected this argument. The Seventh Circuit recently held, "as ha[d] the Second, Sixth and Ninth Circuits, that an Immigration Court's jurisdiction is secure despite the omission in a Notice of time-and-place information." *Ortiz-Santiago v. Barr*, 924 F.3d 956, 958 (7th Cir. 2019); *see also Vyloha v. Barr*, __ F.3d __, Case Nos. 18-2290 & 18-3298, 2019 WL 3001003 at *4 (7th Cir. July 10, 2019). In *Ortiz-Santiago*, the Seventh Circuit explained:

> The requirement that a Notice include, within its four corners, the time, date, and place of the removal proceeding is not 'jurisdictional' in nature. It is instead the agency's version of a claim-processing rule, violations of which can be forfeited if an objection is not raised in a timely manner.

*Ortiz-Santiago*, 924 F.3d at 958. The Seventh Circuit went on to say that "[r]elief will be available for those who make timely objections, as well as those whose timing is excusable and who can show prejudice." *Ortiz-Santiago*, 924 F.3d at 964-65 & 966 ("This is not a case in which the Notice of Hearing never reached him, or it came so quickly that he had trouble preparing for the hearing, or any other discernible prejudice.").

Here, defendant is correct that the date and time information was missing from his Notice. That does not mean the immigration judge lacked jurisdiction. Defendant did not object to the lack of date and time, which means he forfeited any objection to the claim-processing rule that required a notice to include a date and time. Defendant does not argue that his forfeiture

4

was excusable or that he suffered prejudice from the lack of date and time, as opposed to prejudice from the removal. Nor could he. On the same day that defendant received the Notice, he waived his right to the very hearing for which he now says he should have received date and time notice. He also waived his right to appeal and did not appeal. He does not argue that his waiver was not knowing or voluntary. Under these circumstances, defendant cannot show that his removal proceedings were fundamentally unfair.

Because defendant has not demonstrated that the entry of the order of removal was fundamentally unfair, he cannot challenge the validity of the January 7, 2009 removal order.

B.     **Exhaustion**

Before he may bring a collateral attack on the underlying removal order, defendant must show he "exhausted any administrative remedies that may have been available to seek relief against the order." 8 U.S.C. § 1326(d)(1).

Defendant had several available administrative remedies. He could have filed a motion to reconsider. 8 U.S.C. § 1229a(c)(6). He could have appealed to the Board of Immigration Appeals within 30 days after the immigration judge issued the order of removal. 8 C.F.R §§ 1003.3 & 1003.38. He could have filed a motion to reopen. 8 U.S.C. § 1229a(c)(7). "To satisfy the exhaustion prong of § 1326, an alien must have filed a motion to reopen, appealed to the Board of Immigration Appeals, and pursued all other administrative remedies available to him." *United States v. Arita-Campos*, 607 F.3d 487, 491 (7th Cir. 2010). Defendant did none of those things. Instead, defendant stipulated to his removal and waived his right to appeal.

Defendant argues he was excused from exhaustion, because the order of removal was void. As the Seventh Circuit has said, "the statute requires exhaustion, not excuses." *United States v. Larios-Buentello*, 807 F.3d 176, 177 (7th Cir. 2015). As the Court explained above,

defendant's argument that the immigration judge lacked jurisdiction is foreclosed by Seventh Circuit precedent. In addition, the Court does not agree with defendant that the order of removal was ultra vires. Defendant cites *Mejia Galindo v. Sessions*, 897 F.3d 894 (7th Cir. 2018) for the proposition that the order of removal was ultra vires, but that case does not suggest that the order in this case was ultra vires. In *Mejia Galindo*, the Seventh Circuit held that a removal order issued by the *Board of Immigration Appeals* was ultra vires. *Mejia Galindo*, 897 F.3d at 899. The reason the Seventh Circuit reached that conclusion was that Congress, through the Immigration and Nationality Act, gave the power to issue removal orders exclusively to *immigration judges*, not to the Board of Immigration Appeals. *Mejia Galindo*, 897 F.3d at 897 (citing 8 U.S.C. § 1229a(a)(1) & (3)). The Board of Immigration Appeals could not issue an order of removal when Congress had given the power to issue such an order exclusively to immigration judges; thus, the order was ultra vires. The order of removal in this case, though, was not issued by the Board of Immigration Appeals. It was issued by an immigration judge, which is exactly to whom Congress gave the power to issue such an order.

Even were defendant correct that the order of removal was void or ultra vires, that fact would not excuse him from exhausting his administrative remedies. An argument that the immigration judge lacked jurisdiction is among the arguments one can make on appeal, and lack of jurisdiction is among the errors that can be corrected on appeal. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019) (considering appeal of BIA's affirmance of IJ's order of removal on grounds that IJ lacked jurisdiction); *cf. Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("[A] lack of subject-matter jurisdiction is not by itself a basis for deeming a judgment void, that is, open to collateral attack. For ordinarily that is a ground for reversal that can be presented to the appellate court on direct appeal. To allow a ground that can be

adequately presented in a direct appeal to be made the basis of a collateral attack would open the door to untimely appeals[.]") (internal citations omitted); *In re: Factor VIII or IX Concentrate Blood Products Lit'n*, 159 F.3d 1016, 1019 (7th Cir. 1998) ("The principal that jurisdictional defects may be noticed at any time is limited, as we have explained, by the equally important principle that litigation must have an end. After a case has become final by exhaustion of all appellate remedies, only an egregious want of jurisdiction will allow the judgment to be undone by someone who, having participated in the case, cannot complain that his rights were infringed without his knowledge. . . . [A] judgment is not to be pronounced void merely because the court that entered it may not have had jurisdiction.").

Defendant did not exhaust his administrative remedies, so he may not challenge the validity of the order of removal.

### C. Deprivation of judicial review

Finally, in order to challenge the validity of the removal proceedings, defendant must show he was deprived of the opportunity for judicial review. Defendant makes the same arguments he made as to exhaustion, and the Court has already rejected them.

In any case, the reason defendant had no judicial review is that he chose not to appeal. *Larios-Buentello*, 807 F.3d at 177-178; *United States v. Rangel-Rodriguez*, 367 F. Supp.3d 836, 847 (N.D. Ill. 2019) ("Just as the defendant in *Larios-Buentello* could have appealed and argued for a change in existing law, so too could [defendant] have moved to reopen his removal case, appealed to the BIA, and eventually gained review by an Article III court."). That defendant waived his right to appeal does not mean he was deprived of judicial review.

### III. CONCLUSION

Defendant has not met the criteria of 8 U.S.C. § 1326(d) and, thus, cannot challenge the validity of his removal proceedings. Even if he could, his argument that the immigration judge lacked jurisdiction to issue the order of removal is foreclosed by Seventh Circuit precedent. Accordingly, defendant's motion to dismiss the indictment [20] is denied.


SO ORDERED.                              ENTERED:  July 19, 2019

_____
JORGE L. ALONSO
United States District Judge